# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY A. WEIDE,
    Plaintiff,

v.                                             Case No. 12-CV-01042

DODGE CORRECTIONAL INSTITUTION,
    Defendant.

## DECISION AND ORDER

I dismissed this case on January 9, 2013, for failure to prosecute, and judgment was entered the same day. In a letter received January 18, 2013, plaintiff advised the court that his sister had sent a check in the amount of $11.53 as his initial partial filing fee for this case. A review of the court's financial records revealed that a check had been received but not docketed in this case. As a result, I will reopen this case, vacate the judgment, consider plaintiff's motion for leave to proceed in forma pauperis, and screen plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.53. His motion will be granted.

Next, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In plaintiff's complaint, he avers that while at Dodge Correctional Institution ("Dodge") he was on a medication called Fluxoitine for his depression and then saw a psychiatrist because he had burning in his legs. The psychiatrist at Dodge prescribed an additional medication, anatriplen, for the burning in his legs. When plaintiff later arrived at New Lisbon Correctional Institution, the psychiatrist there told plaintiff that those two medications should not be taken together because it could cause severe medical problems. Plaintiff acknowledges that he did not have "a really bad medical problem" from those two pills. (Compl. at 5, ECF No. 1.) Nevertheless, plaintiff thinks the psychiatrist at Dodge should have let plaintiff know that those two medications should not have been taken together. Plaintiff does not cite a specific legal theory, but he would like to be compensated for what might have happened if he did have a medical problem due to the interaction of the two medications. Plaintiff names only Dodge County Correctional

2

Institution as a defendant in this case. In a separate document filed later, plaintiff clarifies that he is seeking $250,000 in relief from the prison for medical malpractice. He again acknowledges that he has not had any bad effects from the medications because the doctor at New Lisbon Correctional Institution caught it in time. Yet, he asks for relief for what could have happened and the medical bills he could have incurred.

Plaintiff has made it clear that his claim is one for medical malpractice. He does not mention deliberate indifference under the Eighth Amendment. Nor does the conduct described in the complaint, the prescription of two medications, suggest deliberate indifference. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. See Edwards v. Snyder, 478 F.3d 827, 830–31 (7th Cir. 2007) (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976)). Additionally, medical malpractice standing alone is a state law claim that is not actionable under § 1983. Accordingly, this case will be dismissed for failure to state a claim.

**THEREFORE, IT IS ORDERED** that the judgment entered January 9, 2013 is **VACATED**, and this action is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $338.47 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 15th day of February 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge