# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY A. WEIDE,
      Plaintiff,

v.                                      Case No. 12-CV-1042

DODGE CORRECTIONAL INSTITUTION,
      Defendant,

## ORDER

On February 15, 2013, I dismissed this case for failure to state a claim because plaintiff failed to allege that he suffered any harm from the prescription of two medications together. Judgment was entered the same day. On May 8, 2013, plaintiff submitted a letter with additional information regarding the medications and the factual background of the case. I will construe this letter as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), which enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995). The circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's May 8, 2013, letter still acknowledges that no harm came to him. He writes, "If Dr. Reynolds didn't tell me about the two pills not playing well with each other I

would have had serious problems down the road." (ECF 14, p. 2). None of the circumstances in Rule 60(b) applies to plaintiff's case, and I will deny his motion.

Additionally, plaintiff filed a Notice of Appeal on May 30, 2013. This appears to be untimely. See Fed. R. App. P. 4(a)(1). Plaintiff acknowledges that he is late, but he asserts that he did not know how long he had to appeal and asks the court to grant him "more time to get facts." (ECF 15). To the extent that plaintiff is seeking an extension of time to file his notice of appeal, I do not have the authority to grant such an extension at this stage in the litigation. Federal Rule of Appeal Procedure 4(a)(5) governs motions for extension of time to file a notice of appeal. Under Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal if:

> (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

In this case, the time prescribed by Rule 4(a) is 30 days. Fed. R. App. P. 4(a)(1)(A). Thus, in order for the district court to have the authority to extend the time to file a notice of appeal, plaintiff would have had to file his motion within 60 days of February 15, when judgment was entered. Therefore,

**IT IS ORDERED** that plaintiff's motion for reconsideration (Docket #14) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file his appeal (Docket #15) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge